8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1 RAYMOND ARIAS

Case:2:12-cr-20259
Judge: Borman, Paul D.
MJ: Grand, David R.
Filed: 04-24-2012 At 01:19 PM
SEALED MATTER (LG)

VIO:   18 U.S.C. § 1347
         18 U.S.C. § 2

                                Defendant.
_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1.  The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United State Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.  Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.  The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B).  Part B of the Medicare Program covered the costs of physicians' services and other ancillary services not covered by Part A.  Part B of the Medicare program covered a limited set of medications, including medications that were

administered via infusion and that were furnished as part of a physician service. Infusion treatments involved the administration of medication through a catheter into the bloodstream.

4. Medicare Part B was administered in Michigan by Wisconsin Physician Services ("WPS"), a company that contracted with CMS to receive adjudicate, process, and pay certain Part B claims.

5. Payments under the Medicare Program were made directly to a provider of the goods or services, rather than to the beneficiary. This occurred when the provider submitted the claim to Medicare for payment, either directly or through a billing company.

6. Physicians, clinics, and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a "provider number." A health care provider who was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to the beneficiaries.

7. A Medicare claim was required to set forth, among other things, the beneficiaries' name, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who ordered the services. In order to receive reimbursement for a covered service from Medicare, a provider must submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

8. Elite Wellness, L.L.C. (Elite), was a Michigan limited liability corporation doing business at 33018 Warren Road, Westland, Michigan. Elite was a clinic that purported to specialize in treating patients with Human Immunodeficiency Virus (H.I.V.) by claiming to provide infusion therapy. Elite was a Medicare provider and submitted claims to Medicare.

2

9.   Defendant RAYMOND ARIAS, a resident of Oakland County, Michigan, was an owner of Elite.

10. Physicians, licensed to practice medicine in the State of Michigan, practiced at Elite.

11.  Elite, using its group provider number, submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly furnished to Medicare beneficiaries under the care of this physician.

12. Defendant RAYMOND ARIAS caused the submission of approximately $12,526,824 in false and fraudulent claims to Medicare under the provider number of physicians at Elite, seeking reimbursement for the costs of infusion and injection therapy and other services that were not medically necessary and were not actually provided.

13. Medicare paid Elite approximately $3,840,877.03 on false and fraudulent claims.

14. After the payments from Medicare were deposited into the Elite bank accounts, approximately in $2,662,548.83 was transferred to accounts in the Republic of Mexico, and the Republic of Panama.

## COUNTS 1-6
(18 U.S.C. § 1347 and 2 – Health Care Fraud)

### D-1 RAYMOND ARIAS

15. Paragraphs 1 through 14 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

16. On or about the dates enumerated below, at Wayne County, in the Eastern District of Michigan, the defendant RAYMOND ARIAS, in connection with the delivery of a payment for health care benefits, items, and services, did knowingly and willfully execute, attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare, and to obtain, by means of

3

materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

17. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself through the submission of false and fraudulent Medicare claims for medically unnecessary and non-rendered infusion and injection therapy and other services.

### The Scheme and Artifice

18.  Defendant created Elite for the purpose of billing Medicare for infusion therapy that were, in fact, not provided.

### Acts in the Execution of the Scheme and Artifice

19. On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendant, RAYMOND  ARIAS, in connection with the delivery of a payment for health care benefits, items and services, did knowingly and willfully execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money, and property owned by, and under the custody and control of said health care benefits program.

| Count | Medicare Beneficiary | Stated Date Of Service | Description of Service | Approximate Amount of Medicare Claim |
|-------|----------------------|------------------------|------------------------|--------------------------------------|
| 1 | P.K. | 6/8/10 | Octreotide | $5,200 |
| 2 | P.K. | 6/24/10 | Octreotide | $5,200 |
| 3 | M.C | 8/17/10 | Octreotide | $5,200 |
| 4 | M.C. | 9/01/10 | Octreotide | $5,200 |
| 5 | G.P. | 8/14/10 | Octreotide | $5,200 |
| 6 | G.P. | 8/30/10 | Octreotide | $5,200 |

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

### D-1 RAYMOND ARIAS

15.   The allegations contained above are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal obtained by the defendant, that is RAYMOND ARIAS by commission of the offense charged in Counts 1-6 pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

16.   Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of RAYMOND ARIAS for any of the offenses charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offense.

17.   Pursuant to Title 18, United States Code, Section 982(a)(7), upon the conviction of RAYMOND ARIAS, the defendant shall forfeit to the United States the funds represented in the wire transfers listed below:

| Account Number | Originating Bank | Date | Description | Amount | Intermediary Bank | Beneficiary Bank | Account Holder |
|---|---|---|---|---|---|---|---|
| xxxx_xxxx_9598 | Bank of America | 9/9/2010 | Wire Transfer | (150,000.00) | HSBC Bank, USA | MulitBank, Inc. | Company 1 |
| xxxx_xxxx_9598 | Bank of America | 9/17/2010 | Wire Transfer | (187,217.24) | Deutshe Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/23/2010 | Wire Transfer | (157,217.24) | Deutshe Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/23/2010 | Wire Transfer | (112,782.76) | Deutshe Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/27/2010 | Wire Transfer | (197,217.17) | Deutshe Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |

5

| Account Number | Originating Bank | Date | Description | Amount | Intermediary Bank | Beneficiary Bank | Account Holder |
|---|---|---|---|---|---|---|---|
| xxxx_xxxx_9598 | Bank of America | 9/27/2010 | Wire Transfer | (182,783.83) | Deutshe Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/30/2010 | Wire Transfer | (207,097.17) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 9/30/2010 | Wire Transfer | (143,043.17) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/7/2010 | Wire Transfer | (177,007.24) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/7/2010 | Wire Transfer | (122,992.76) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/12/2010 | Wire Transfer | (152,019.04) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/12/2010 | Wire Transfer | (98,025.21) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/13/2010 | Wire Transfer | (80,017.25) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/19/2010 | Wire Transfer | (149,167.24) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/19/2010 | Wire Transfer | (100,832.76) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/21/2010 | Wire Transfer | (192,175.96) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/21/2010 | Wire Transfer | (177,824.04) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 11/23/2010 | Wire Transfer | (60,077.17) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 12/3/2010 | Wire Transfer | (15,051.61) | CitiBank | Banco Monex, SA | Company 3 |

30.    If the property described above as being subject to forfeiture pursuant to Title 18,

United States Code, Section 982(a)(7), as a result of any act or omission of the defendants:

      i.    cannot be located upon the exercise of due diligence;

      ii.    has been transferred or sold to, or deposited with, a third party;

      iii.    has been placed beyond the jurisdiction of the Court;

      iv.    has been substantially diminished in value; or

      v.    has been commingled with other property that cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek to forfeit any other property of the defendants up to the listed value.


THIS IS A TRUE BILL.


s/GRAND JURY FOREPERSON
Grand Jury Foreperson


BARBARA L. McQUADE
UNITED STATES ATTORNEY


s/WAYNE F. PRATT
WAYNE F. PRATT
CHIEF, HEALTH CARE FRAUD UNIT
ASSISTANT UNITED STATES ATTORNEY
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9583
Email: Wayne.Pratt@usdoj.gov


s/PHILIP A. ROSS
PHILIP A. ROSS
ASSISTANT UNITED STATES ATTORNEY
EASTERN DISTRICT OF MICHIGAN
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9790
Fax: (313) 226-2621
Email: Philip.Ross@usdoj.gov


Date: April 24, 2012

| United States District Court<br>Eastern District of Michigan | **Criminal Case Co** | Case:2:12-cr-20259<br>Judge: Borman, Paul D.<br>MJ: Grand, David R.<br>Filed: 04-24-2012 At 01:19 PM<br>SEALED MATTER (LG) |
| --- | --- | --- |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to co

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [  ]

| **Companion Case Information** | **Companion Case Number:** |
| --- | --- |
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** PAR |

**Case Title:** USA v.   D-1 RAYMOND ARIAS

**County where offense occurred :**   Wayne County, Michigan

**Check One:**    ☒ **Felony**        ☐ **Misdemeanor**        ☐ **Petty**

X Indictment/_____ Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: ]
_____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____  **Judge:** _____

☐     Original case was terminated; no additional charges or defendants.
☐     Corrects errors; no additional charges or defendants.
☐     Involves, for plea purposes, different charges or adds counts.
☐     Embraces same subject matter but adds the additional defendants or charges below:
☐

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
| --- | --- | --- |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

| April 24, 2012 | |
| --- | --- |
| Date | PHILIP A. ROSS<br>Assistant United State Attorney<br>211 West Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>Phone:  (313) 226-9790<br>Fax: (313) 226-2621<br>Email: Philip.Ross@usdoj.gov<br>Bar #: VA Bar No. 70269 |

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09