UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NO. 12-cr-20259

UNITED STATES OF AMERICA

JUDGE PAUL D. BORMAN

v.

D-1 RAYMOND ARIAS,
D-2 EMELITZA ARIAS

VIO:   18 U.S.C. § 1347
18 U.S.C. § 1349
18 U.S.C. § 2
18 U.S.C. § 982

Defendants.

_____/

**FIRST SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

**General Allegations**

F I L E D
MAY 10 2012
CLERK'S OFFICE
DETROIT

At all times relevant to this Indictment:

1.      The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United State Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part B of the Medicare Program covered the costs of physicians' services and other ancillary services not covered by Part A. Part

B of the Medicare program covered a limited set of medications, including medications that were administered via infusion and that were furnished as part of a physician service. Infusion treatments involved the administration of medication through a catheter into the bloodstream.

4.     Medicare Part B was administered in Michigan by Wisconsin Physician Services ("WPS"), a company that contracted with CMS to receive adjudicate, process, and pay certain Part B claims.

5.     Payments under the Medicare Program were made directly to a provider of the goods or services, rather than to the beneficiary. This occurred when the provider submitted the claim to Medicare for payment, either directly or through a billing company.

6.     A Medicare claim was required to set forth, among other things, the beneficiaries' name, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who ordered the services. In order to receive reimbursement for a covered service from Medicare, a provider must submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

7.     Elite Wellness, L.L.C. (Elite), was a Michigan limited liability corporation doing business at 33018 Warren Road, Westland, Michigan. Elite was a clinic that purported to specialize in treating patients with Human Immunodeficiency Virus (H.I.V.) by claiming to provide infusion or injection therapy. Elite was a Medicare provider and submitted claims to Medicare.

8.     Carefirst Occupational & Rehab Center, Inc. (Carefirst) was a Michigan corporation doing business at 4115 W. Vernor Highway, Detroit, Michigan 48209 and at 301 W. 13 Mile Road, Madison Heights, Michigan 48071.

9.     Carefirst purported to provide physical therapy and infusion or injection therapy. Carefirst was a Medicare provider and submitted claims to Medicare.

10.     Defendant RAYMOND ARIAS, a resident of Oakland County, Michigan, was a beneficial owner of Elite and Carefirst.

11.     Defendant EMELITZA ARIAS, a resident of Oakland County, Michigan, was an owner of Carefirst and assisted in the operations of Elite.

12.     Physicians, licensed to practice medicine in the State of Michigan, practiced at Elite and Carefirst.

## COUNTS 1-11
### (18 U.S.C. § 1347 and 2 – Health Care Fraud)

### D-1 RAYMOND ARIAS
### D-2 EMELITZA ARIAS

13.     Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

14.     On or about the dates enumerated below, at Wayne County, in the Eastern District of Michigan, the defendants RAYMOND ARIAS and EMELITZA ARIAS, in connection with the delivery of a payment for health care benefits, items, and services, did knowingly and willfully execute, attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations,

and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery and payment for health care benefits, items, and services.

## Purpose of the Scheme and Artifice

15.     It was the purpose of the scheme and artifice for the defendants RAYMOND ARIAS and EMELITZA ARIAS and others known and unknown to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for injection or infusion therapy and other services; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## The Scheme and Artifice

16.     Defendant RAYMOND ARIAS would beneficially own, control and operate Elite for the purpose of billing Medicare for injection or infusion therapy that was not, in fact, provided.  Defendant EMELITZA ARIAS would assist RAYMOND ARIAS in operating Elite.

17.     Defendants RAYMOND ARIAS and EMELITZA ARIAS would beneficially own, control and operate Carefirst for the purpose of billing Medicare for injection or infusion therapy that was not, in fact, provided.

18.     Defendant EMELITZA ARIAS would offer and pay kickbacks and bribes to Medicare beneficiaries to submit to purported injection or infusion therapy.

4

## Acts in the Execution of the Scheme and Artifice

19.    On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, as specified below, in connection with the delivery of a payment for health care benefits, items and services, did knowingly and willfully execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money, and property owned by, and under the custody and control of said health care benefits program.

| Count | Defendant | Medicare Bene-ficiary | Clinic | Stated Date Of Service | Description of Service | Quantity Billed | Approximate Amount of Claim |
|---|---|---|---|---|---|---|---|
| 1 | D-1 R. ARIAS | P.K. | Elite | 6/8/10 | Octreotide Injection | 40 | $5,200 |
| 2 | D-1 R. ARIAS | P.K. | Elite | 6/24/10 | Octreotide Injection | 40 | $5,200 |
| 3 | D-1 R. ARIAS | M.C. | Elite | 8/17/10 | Octreotide Injection | 40 | $5,200 |
| 4 | D-1 R. ARIAS | M.C. | Elite | 9/01/10 | Octreotide Injection | 40 | $5,200 |
| 5 | D-1 R. ARIAS | G.P. | Elite | 8/14/10 | Octreotide Injection | 40 | $5,200 |
| 6 | D-1 R. ARIAS | G.P. | Elite | 8/30/10 | Octreotide Injection | 40 | $5,200 |
| 7 | D-1 R. ARIAS D-2 E. ARIAS | L.B. | Carefirst | 7/22/10 | Octreotide Injection | 40 | $6,240 |
| 8 | D-1 R. ARIAS D-2 E. ARIAS | R.B. | Carefirst | 7/21/10 | Octreotide Injection | 40 | $6,240 |
| 9 | D-1 R. ARIAS D-2 E. ARIAS | R.D. | Carefirst | 6/29/11 | Octreotide Injection | 40 | $6,240 |
| 10 | D-1 R. ARIAS D-2 E. ARIAS | P.K. | Carefirst | 6/13/11 | Octreotide Injection | 40 | $6,240 |
| 11 | D-1 R. ARIAS D-2 E. ARIAS | A.W. | Carefirst | 6/13/11 | Octreotide Injection | 40 | $6,240 |

All in violation of Title 18, United States Code, Section 1347.

5

## COUNT 12
### (18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud)

**D-1 RAYMOND ARIAS**
**D-2 EMELITZA ARIAS**

20.    Paragraphs 1 through 11 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.    From in or around February 2009 through in or around May 2012, did willfully and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

22.    It was the purpose of the conspiracy for the defendants RAYMOND ARIAS and EMELITZA ARIAS and others known and unknown to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for injection or infusion therapy and other services; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

6

### Manner and Means

23.     The manner and means by which the defendants and their co-conspirators sought

to accomplish the purpose of the conspiracy included, among others, the following:

24.     RAYMOND ARIAS would acquire beneficial ownership and control of Elite, and

control the day-to-day operations of Elite.  EMELITZA ARIAS would assist in the operations of

Elite.

25.     EMELITZA ARIAS would incorporate and control the day-to-day operations of

Carefirst.  RAYMOND ARIAS would share beneficial ownership of Carefirst with EMELITZA

ARIAS.

26.     Defendant EMELITZA ARIAS would offer and pay kickbacks and bribes to

Medicare beneficiaries to submit to purported injection or infusion therapy.

27.     Elite would submit claims to Medicare seeking reimbursement for the cost of

injection and infusion therapy purportedly furnished to Medicare beneficiaries under the care of

a physician.

28.     Defendant RAYMOND ARIAS would cause the submission of over $12.5

million in false and fraudulent claims by Elite, seeking reimbursement for the costs of infusion

and injection therapy and other services that were not medically necessary and were not actually

provided.

29.     Elite would receive from Medicare over $3.8 million for false and fraudulent

claims.

30.     After the payments from Medicare were deposited into the Elite bank accounts,

over $2.6 million would be transferred to accounts in the Republic of Mexico, and the Republic

of Panama.

31.     Carefirst submitted claims to Medicare seeking reimbursement for the cost of injection and infusion therapy purportedly furnished to Medicare beneficiaries under the care of a physician.

32.     Defendants RAYMOND ARIAS and EMELITZA ARIAS would cause the submission of over $1.2 million in false and fraudulent claims to Medicare by Carefirst, seeking reimbursement for the costs of injection or infusion therapy and other services that were not medically necessary and were not actually provided.

All in violation of Title 18, United States Code, Section 1349.

## CRIMINAL FORFEITURE
## (18 U.S.C. § 982)

### D-1 RAYMOND ARIAS
### D-2 EMELITZA ARIAS

33.     The allegations contained above are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal obtained by the defendant, that is RAYMOND ARIAS by commission of the offense charged in Counts 1-12 pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

34.     Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of RAYMOND ARIAS and EMELITZA ARIAS for any of the offenses charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offense.

35.     Pursuant to Title 18, United States Code, Section 982(a)(7), upon the conviction

of RAYMOND ARIAS, the defendant shall forfeit to the United States the funds represented in

the wire transfers listed below:

| Account Number | Originating Bank | Date | Description | Amount | Intermediary Bank | Beneficiary Bank | Account Holder |
|---|---|---|---|---|---|---|---|
| xxxx_xxxx_9598 | Bank of America | 9/9/2010 | Wire Transfer | (150,000.00) | HSBC Bank, USA | MultiBank, Inc. | Company 1 |
| xxxx_xxxx_9598 | Bank of America | 9/17/2010 | Wire Transfer | (187,217.24) | Deutsche Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/23/2010 | Wire Transfer | (157,217.24) | Deutsche Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/23/2010 | Wire Transfer | (112,782.76) | Deutsche Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/27/2010 | Wire Transfer | (197,217.17) | Deutsche Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/27/2010 | Wire Transfer | (182,783.83) | Deutsche Bank Trust Co. | Consultoria Intl Banco, SA Cuenta | Company 2 |
| xxxx_xxxx_9598 | Bank of America | 9/30/2010 | Wire Transfer | (207,097.17) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 9/30/2010 | Wire Transfer | (143,043.17) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/7/2010 | Wire Transfer | (177,007.24) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/7/2010 | Wire Transfer | (122,992.76) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/12/2010 | Wire Transfer | (152,019.04) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/12/2010 | Wire Transfer | (98,025.21) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/13/2010 | Wire Transfer | (80,017.25) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/19/2010 | Wire Transfer | (149,167.24) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/19/2010 | Wire Transfer | (100,832.76) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/21/2010 | Wire Transfer | (192,175.96) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 10/21/2010 | Wire Transfer | (177,824.04) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 11/23/2010 | Wire Transfer | (60,077.17) | CitiBank | Banco Monex, SA | Company 3 |
| xxxx_xxxx_9598 | Bank of America | 12/3/2010 | Wire Transfer | (15,051.61) | CitiBank | Banco Monex, SA | Company 3 |

30.     If the property described above as being subject to forfeiture pursuant to Title 18,

United States Code, Section 982(a)(7), as a result of any act or omission of the defendants:

    i.      cannot be located upon the exercise of due diligence;

    ii.     has been transferred or sold to, or deposited with, a third party;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

    v.     has been commingled with other property that cannot be subdivided

        without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek to forfeit any other property of the defendants up to the listed value.

THIS IS A TRUE BILL.

s/GRAND JURY FOREPERSON

BARBARA L. McQUADE
UNITED STATES ATTORNEY


s/WAYNE F. PRATT
CHIEF, HEALTH CARE FRAUD UNIT
Assistant United States Attorney


s/CATHERINE K. DICK
Trial Attorney, CD, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W. Third, FL
Washington, D.C. 20005
Phone: (313) 226-0230
Email: Catherine.Dick@usdoj.gov

Date:  May 10, 2012

10

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>12-CR-20259 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes   ■ No | **AUSA's Initials:** (CM) |

Case Title: USA v.  RAYMOND ARIAS and EMELITZA ARIAS

County where offense occurred :  WAYNE

Check One:        ■ Felony            ☐ Misdemeanor            ☐ Petty

____Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: ]
_X_Indictment--- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

Superseding to Case No: 12-CR-20259 _____      Judge:  HON. PAUL D. BORMAN

- ☐ Original case was terminated; no additional charges or defendants.
- ☐ Corrects errors; no additional charges or defendants.
- ☐ Involves, for plea purposes, different charges or adds counts.
- ■ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| RAYMOND ARIAS | 18 U.S.C. §1349 | |
| EMELITZA ARIAS | 18 U.S.C. §1349 | |
| | 18 U.S.C. §1347 and 2 | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

May 10, 2012
Date

CATHERINE K. DICK
Trial Attorney, CD, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W. Third, FL
Washington, D.C. 20005
Phone: (313) 226-0230
Email: Catherine.Dick@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.