13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 12-cr-20259 |
| v. | |
| D-3 ROBERTO SALADRIGAS, | Hon. Paul D. Borman |
| | VIO: 18 U.S.C. § 1349 |
| | Health Care Fraud Conspiracy |
| | 18 U.S.C. § 1347 |
| | Health Care Fraud |
| | 18 U.S.C. § 1956(h) |
| | Money Laundering Conspiracy |
| | 18 U.S.C. § 1071 |
| | Harboring A Federal Fugitive |
| | 18 U.S.C. § 982 |
| | Criminal Forfeiture |
| Defendant. | |

**SECOND SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

**GENERAL ALLEGATIONS**

1. The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal

1

agency under the United State Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.  Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.  The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part B of the Medicare Program covered the costs of physicians' services and other ancillary services not covered by Part A. Part B of the Medicare program covered a limited set of medications, including medications that were administered via infusion and that were furnished as part of a physician service. Infusion treatments involved the administration of medication through a catheter into the bloodstream.

4.  Medicare Part B was administered in Michigan by Wisconsin Physician Services ("WPS"), a company that contracted with CMS to receive adjudicate, process, and pay certain Part B claims.

5.  Payments under the Medicare Program were made directly to a provider of the goods or services, rather than to the beneficiary. This occurred when the provider submitted the claim to Medicare for payment, either directly or through a billing company.

2

6. A Medicare claim was required to set forth, among other things, the beneficiaries' name, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who ordered the services. In order to receive reimbursement for a covered service from Medicare, a provider must submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

7. Elite Wellness, L.L.C. (Elite), lacked any actual physical address at the time when Defendant ROBERTO SALADRIGAS joined the conspiracy to defraud Medicare. Elite submitted claims to the Medicare program for services that were never rendered.

8. Defendant ROBERTO SALADRIGAS, a resident of Washtenaw County, Michigan, joined with Raymond Arias, and others known and unknown to the grand jury to submit fraudulent claims to the Medicare program.

# COUNT 1

## (18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud)

**D-3 ROBERTO SALADRIGAS**

9. Paragraphs 1 through 8 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

10. From in or around February 2009 through in or around December 2010, did willfully and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

11. It was the purpose of the conspiracy for the defendant, ROBERTO SALADRIGAS, Raymond Arias, and others known and unknown to the grand jury to unlawfully enrich themselves by, among other things, (a) submitting false and

fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

12. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

13. Raymond Arias would acquire beneficial ownership and control of Elite, and control the day-to-day operations of Elite, but transfer the ownership to Fugitive-1, who was assisted by Defendant ROBERTO SALADRIGAS in the submission of false and fraudulent claims to Medicare.

14. Elite would submit claims to Medicare seeking reimbursement for the cost of injection and infusion therapy purportedly furnished to Medicare beneficiaries under the care of a physician.

15. Defendant ROBERTO SALADRIGAS would assist in the submission of over $10 million in false and fraudulent claims by Elite, seeking reimbursement for the costs of infusion and injection therapy and other services that were not medically necessary and were not actually provided.

16. Elite would receive from Medicare over $3.8 million for false and fraudulent claims.

17. After the payments from Medicare were deposited into the Elite bank accounts, over $2.6 million would be transferred to accounts in the Republic of Mexico, and the Republic of Panama.

18. In furtherance of the scheme to conceal the actual ownership of Elite Wellness, Raymond Arias transferred ownership of Elite Wellness to a straw-purchaser, Virgilio Adi-Cordero, who was using a fraudulently-obtained Florida driver's license in order to conceal his own identity.

19. Defendant ROBERTO SALADRIGAS furthered the scheme by harboring Virgilio Adi-Cordero, a federal fugitive, from the United States District Court for the Southern District of Florida, and by assisting Virgilio Adi-Cordero with conducting financial transactions, which concealed the nature, source, and location of the proceeds of the scheme to defraud Medicare.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO-FIVE
### (18 U.S.C. § 1347 and § 2 – Health Care Fraud)

**D-3 ROBERTO SALADRIGAS**

20. Paragraphs 1 through 19 of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

## Acts in the Execution of the Scheme and Artifice

21. On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, as specified below, in connection with the delivery of a payment for health care benefits, items and services, did knowingly and willfully execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money, and property owned by, and under the custody and control of said health care benefits program.

| Count | Medicare Bene-ficiary | Stated Date Of Service | Description of Service | Quantity Billed | Approximate Amount of Claim |
|---|---|---|---|---|---|
| 2 | M.C. | 8/17/10 | Octreotide Injection | 40 | $5,200 |
| 3 | M.C. | 9/01/10 | Octreotide Injection | 40 | $5,200 |
| 4 | G.P. | 8/14/10 | Octreotide Injection | 40 | $5,200 |
| 5 | G.P. | 8/30/10 | Octreotide | 40 | $5,200 |

All in violation of Title 18, United States Code, Section 1347.

## COUNT SIX

*(18 USC § 1071)- Harboring a Federal Fugitive))*

**D-3 ROBERTO SALADRIGAS**

22. In or around June 2010 and continuing through November 2010, in the Eastern District of Michigan, the defendant, ROBERTO SALADRIGAS, harbored and concealed Virgilio Adi-Cordero, a person for whose arrest a warrant and process had been issued under the provisions of a law of the United States, so as to prevent the discovery and arrest of Virgilio Adi-Cordero, after notice and knowledge of the fact that a warrant and process had been issued for the apprehension of Virgilio Adi-Cordero, and which warrant had been issued on a felony charge, in violation of Title 18, United States Code, Section 1071.

## COUNT SEVEN

*(18 U.S.C. § 1956(h) –Conspiracy to Launder Monetary Instruments))*

**D-3 RORBERTO SALADRIGAS**

23. From in or about June 2010 through in or about December 2010, in the Eastern District of Michigan and elsewhere, the defendant ROBERTO SALADRIGAS, Raymond Arias, and others known and unknown to the Grand Jury, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, and agree with each other and with other

persons known and unknown the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a. To knowingly conduct a financial transaction affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## CRIMINAL FORFEITURE
## (18 U.S.C. § 982)

**D-3 ROBERTO SALADRIGAS**

24. The allegations contained above are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal obtained by the defendant, ROBERTO SALADRIGAS by commission of the offense charged in Counts 1-7 pursuant to the provisions of Title 18, United States Code, Sections 982(a) and (a)(7).

25. Pursuant to Title 18, United States Code, Sections 982(a) and (a)(7),

upon conviction of ROBERTO SALADRIGAS for any of the offenses charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offense and or involved in the laundering of monetary instruments.

30. If the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2) and (a)(7), as a result of any act or omission of the defendants:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third party;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek to forfeit any other property of the defendants up to the listed value.

THIS IS A TRUE BILL.

s/GRAND JURY FOREPERSON

BARBARA L. McQUADE
UNITED STATES ATTORNEY

s/WAYNE F. PRATT
CHIEF, HEALTH CARE FRAUD UNIT
Assistant United States Attorney

s/PHILIP A. ROSS
PHILIP A. ROSS
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9790
Email: Philip.Ross@usdoj.gov

Date: November 14, 2013

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>12-cr-20259 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information  This matter was opened in the USAO prior to August 15, 2008    [ ]

| **Companion Case Information** | Companion Case Number: N/A |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | Judge Assigned: N/A |
| ☐ Yes    ☒ No | AUSA's Initials: |

**Case Title:** USA v.  RAYMOND ARIAS, et. al.

**County where offense occurred :**   Wayne & Oakland

**Check One:**    ☒ Felony        ☐ Misdemeanor        ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:               ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:**  12-cr-20259            **Judge:**  Paul D. Borman

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Roberto Salidrigas | 18 U.S.C. Sections 1349, 1347, 1956(h), 1071 & 982 | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

November 14, 2013
Date

PHILIP A. ROSS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9790
Fax:    (313) 226-2621
E-Mail address: philip.ross@usdoj.gov
Attorney Bar #: N/A

---

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.            04/13